**Martha M. QUINTANA, and all others similarly situated, Plaintiffs-Appellants,**

**v.**

**Joseph A. CALIFANO, Jr., Secretary of the Department of Health, Education and Welfare of the United States of America, Defendant-Appellee.**

No. 78–1455.

United States Court of Appeals, Tenth Circuit.

Submitted Sept. 14, 1979.

Decided Nov. 26, 1979.

Anson B. Levitan and Timothy Meehan of Northern New Mexico Legal Services, Inc., Tacos, N. M., for plaintiffs-appellants.

R. E. Thompson, U. S. Atty., Albuquerque, N. M. (Ruth C. Streeter, Asst. U. S. Atty., Albuquerque, N. M., and Randolph W. Gaines and Verrell L. Dethloff, Dept. of Health, Ed. and Welfare, Baltimore, Md., of counsel, with him on the brief), for defendant-appellee.

Before SETH, Chief Judge, McKAY, Circuit Judge, and MATSCH, District Judge *.

PER CURIAM.

The question on this appeal is whether the trial court abused its discretion in failing to make a determination on the plaintiff's claim for class certification before dismissing her complaint as moot.

By her complaint filed on October 5, 1977, the plaintiff claimed that there had been an unreasonable delay in making an initial determination on her application for benefits under the Supplemental Security Income Program, and included the following allegations:

5. The individual Plaintiff Quintana brings this action on behalf of all persons similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure. The members of the class similarly situated are those persons in the State of New Mexico who have filed applications for S.S.I. benefits and have not received an initial determination on their application within sixty (60) days of the date of application.

6. The class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; and the representative parties will fairly and adequately protect the interest of the class. The Defendant has acted on grounds generally applicable to the class, thereby making appropriate final injunctive and declaratory relief with respect to the class as a whole.

In the prayer for relief, the plaintiff asked that the action be certified as a class action; that the court issue a judgment declaring that the failure to make an initial determination on applications for such benefits within sixty days of the date of the application is in violation of the Social Security Act, 42 U.S.C. § 1381 *et seq.*; that

such a delay violated due process rights protected by the Fifth Amendment to the United States Constitution; and a violation of the Administrative Procedure Act, 5 U.S.C. § 706(1); and that the court enter a permanent injunction requiring the Secretary of Health, Education and Welfare to make an initial determination on applications for S.S.I. benefits within sixty days of the date of the application.

The plaintiff filed an amended complaint on October 12, 1977, adding a reference to 28 U.S.C. § 1361 as a basis for jurisdiction. In both the original and amended complaint the plaintiff asserted that her application had been filed on or about June 15, 1977 in the Social Security Administration's district office in Santa Fe, New Mexico.

The Secretary filed a Motion To Dismiss under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure on November 22, 1977, asserting that the plaintiff's claim was moot and that the complaint failed to state a claim upon which relief could be granted. In a memorandum in support of that motion, it was asserted that the plaintiff's application had been filed on June 15, 1977, and initially denied on September 28, 1977, before the original complaint was filed.

On December 14, 1977, the plaintiff filed a Memorandum in Response to the Defendant's Motion To Dismiss, contending that the application had been filed originally on May 10, 1977, and that notice of the initial determination of denial of benefits was first received on November 8, 1977. The plaintiff also referred to the defendant's answers to interrogatories as indicating that they showed the existence of substantial delays for a sizable portion of applicants on applications filed between May 26, 1977, and October 25, 1977.

On March 23, 1978, the plaintiff filed a Memorandum in Support of Class Certifica-

* Of the District of Colorado, sitting by designation.

tion. No hearing was held on the question of class certification and on March 30, 1978, the following Order was entered:

This matter having come up on motion of the defendant on the ground of mootness, and having concluded that this cause is moot; Now, Therefore,

ORDERED that the defendant's motion to dismiss be, and it hereby is, granted; and this action is dismissed.

The district judge did not make any determination on the dispute concerning the times of the filing of the plaintiff's application and the initial determination of denial of benefits. Accordingly, we must accept the plaintiff's allegations as true. Therefore, there was clearly a case or a controversy at the time the plaintiff filed her complaint on October 5, 1977, and there could be no dismissal for mootness before the initial determination was made on November 8, 1977.

The plaintiff contends that a dismissal for mootness permits the defendant to evade review of the question of whether sixty days is an unreasonable delay, which is a question clearly capable of repetition, and that the court should have proceeded to make the class certification and relate it back to the time of the filing of the complaint, as suggested in *Sosna v. Iowa*, 419 U.S. 393, 402 n.11, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975), wherein the court commented:

There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to "relate back" to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.

*Accord, Gerstein v. Pugh*, 420 U.S. 103, 110 n.11, 95 S.Ct. 854, 861, 43 L.Ed.2d 54 (1975).

*And see*, this Court's opinion in *Napier v. Gertrude*, 542 F.2d 825, 828 (10th Cir. 1976).

In *White v. Mathews*, 559 F.2d 852 (2d Cir. 1977), *cert. denied*, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978), the Court of Appeals affirmed the action of the trial judge in applying the "relation back" theory to a certification of a class action after the representative plaintiff had obtained a hearing before an administrative law judge in a case contending that there had been an unreasonable delay in providing such a hearing under the Social Security Act. *See also, DeBrown v. Trainor*, 598 F.2d 1069, 1071 (7th Cir. 1979).

Rule 23(c)(1) requires the trial court to determine the question of class certification "as soon as practicable after the commencement of an action brought as a class action . . . ." Here, the complaint, and amended complaint, contained only conclusory allegations for class relief. Nonetheless, the failure to consider class certification from the time of the filing of the complaint on October 5, 1977 before the Order of Dismissal of March 28, 1978, combined with the failure to determine the disputed facts as to the dates of the plaintiff's application and initial determination, as well as the failure to consider the relation back approach to class certification, prevent any meaningful review of the trial court's exercise of discretion. The summary order of dismissal, without any findings of fact, and without any statement of reasons, leaves us in doubt as to the basis for the order and requires reversal and remand.

Upon remand, the district judge should specifically determine when the plaintiff's claim first became moot; whether the plaintiff has met the requirements of Rule 23(a) and (b)(2); and whether it is realistic to conclude that the question which the plaintiff seeks to present would evade review if class certification is not made and related back to the time of her complaint. It is, therefore,

ORDERED that the order of dismissal is reversed and this action is remanded for further proceedings consistent with the views expressed herein.