Martha M. QUINTANA, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of
Health and Human Resources,
Defendant.

No. 77–622–M Civil.

United States District Court,
D. New Mexico.

May 9, 1980.

Northern New Mexico Legal Services, Inc., Timothy Meehan and Anson B. Levitan, Taos, N. M., for plaintiff.

R. E. Thompson, U. S. Atty., Ruth C. Streeter and Charles N. Estes, Jr., Asst. U. S. Attys., Albuquerque, N. M., for defendant.

## MEMORANDUM OPINION AND ORDER

MECHEM, District Judge.

This action is again before me on remand from a decision of the Tenth Circuit Court of Appeals, *Quintana v. Califano*, 623 F.2d 128,[1] (10th Cir. 1979). The Tenth Circuit has ordered that I determine "when the plaintiff's claim first became moot;" and, if appropriate in light of that determination, that I proceed to a consideration of plaintiff's class action claims. *Id.*, at 131.

Plaintiff's claim can be found to be or have become moot only if there once was

1. Patricia Roberts Harris, having succeeded Joseph Califano as Secretary of the Department of Health, Education and Welfare, now the Department of Health and Human Resources, has also succeeded him as the named defendant in this action. F.R.Civ.P. 25(d)(1).

a live controversy under Article III considerations. *United States Parole Comm. v. Geraghty,* —— U.S. ——, ——, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980). Plaintiff filed her complaint on October 5, 1977. A factual hearing was held before me on April 11, 1980 to determine whether notice of the initial agency determination of denial of benefits was effective by way of a letter dated September 28, 1977, as is claimed by defendant, or by letter of November 8, 1977, as is plaintiff's contention. If the letter of September 28 is found to have been the effective notice to plaintiff of denial of benefits, then this action never presented a live controversy, *cf., United States Parole Comm. v. Geraghty,* —— U.S. at —— n.11, 100 S.Ct. at 1212 n.11, and the issue before me is not one of mootness, but lack of case or controversy, which would require dismissal of this entire action.

At the April 11, 1980 hearing, an agency representative testified that the September 28, 1977 letter was computer generated and that it was the agency's practice to send computer generated letters to claimants and their counsel if involved in the administrative process. Proof of mailing a letter raises a presumption of receipt by the addressee which, absent evidence to the contrary, constitutes constructive notice to the addressee. Defendant adduced no evidence, however, that the September 27 letter was in fact sent to plaintiff. The fact that the letter was generated is not evidence that it was sent. Without proof of mailing, the presumption of receipt does not arise. Without proof of notice, even constructive notice, of a denial of benefits, such denial cannot be effective as to a particular claimant.

The only additional evidence defendant relies on to establish the effectiveness of the September 27 letter was a letter from plaintiff's counsel, Mr. Levitan, to the agency dated November 14, 1977. Mr. Levitan's letter states that his client received notice of denial approximately three weeks prior to November 14. Three weeks prior to November 14 post-dates the October 5 filing of the complaint. At that time, then, plaintiff's claim constituted a live controversy.

Additionally, plaintiff argues that in light of the fact that a November 8 letter was sent to plaintiff, the three weeks described in counsel's letter was in fact the result of a miscommunication. Plaintiff more likely received the November 8 letter a few days thereafter and three *days*, not weeks, before counsel's November 14 letter. Finally, the only evidence as to any letter that was in fact sent related to the November 8 letter. I find, on the facts adduced at the hearing on this matter, that plaintiff received notice of the initial agency determination denying her benefits subsequent to the letter of November 8, 1977 and that a case or controversy existed in this action from October 5 until the date notice was received by plaintiff sometime after November 8, 1977 at which time her individual claim became moot.

Because plaintiff's individual claim did not become moot until after a request for class certification, contained in the First Amended Complaint, filed October 12, 1977, was made, it will be necessary to proceed to a consideration of plaintiff's class action allegations. *Sosna v. Iowa,* 419 U.S. 393, 402 n.11, 95 S.Ct. 553, 559 n.11, 42 L.Ed.2d 532 (1975); *cf., Gerstein v. Pugh,* 420 U.S. 103, 110–11 n.11, 95 S.Ct. 854, 861 n.11, 43 L.Ed.2d 54 (1975). Before proceeding to consideration of the class action allegations, however, I shall consider defendant's motion to dismiss for failure to state a claim on which relief can be granted. Rule 12(b)(6), F.R.Civ.P.

■ Plaintiff's First Amended Complaint contains three counts, the first claiming a violation of Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.,* the second a violation of Fifth Amendment due process rights and the third violations of the Administrative Procedure Act (APA), 5 U.S.C. §§ 551 *et seq.,* specifically §§ 555(b) and 706(1). Plaintiff's claims of violation are based on defendant's alleged excessive delay in making initial determinations on claimants' applications for supplemental security income (SSI) benefits available under the Social Security Act. The SSI program

is a minimal income subsistence program available to low-income persons who are aged, blind or disabled. 42 U.S.C. §§ 1381 *et seq.* Claimants under the SSI program must satisfy two eligibility requirements. No issue is raised here as to questions concerning financial eligibility. At issue here is alleged delay in the initial determination of eligibility due to income disabling physical or mental impairment. *See,* 42 U.S.C. § 1382(e)(3); 20 C.F.R. sub-part 1 (1979).

Neither the statutory provisions relating to the SSI program nor the federal regulations promulgated thereunder require that an initial determination of eligibility for SSI benefits be made within any particular time or even within a "reasonable time." 42 U.S.C. §§ 1381 *et seq.*; 20 C.F.R. § 416.920(b). The cases cited by plaintiff in support of the requirement that determinations be made within a reasonable time, or within a certain time period such as 90 or 120 days, all relate to stages of the administrative process following the initial determination of eligibility for benefits. *See, e. g., Blankenship v. Sec'y of H.E.W.,* 587 F.2d 329 (6th Cir. 1978) (delay in providing administrative law hearings to contest initial denial of benefits); *Barnett v. Califano,* 580 F.2d 28 (2d Cir. 1978) (same); *White v. Mathews,* 559 F.2d 852 (2d Cir. 1977), *cert. den.,* 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978) (delay in administrative law hearing following termination of benefits). The single case which addresses the particular circumstance at issue here, the initial determination of eligibility for benefits, states that "the SSI provisions establish no duty on the part of the Social Security Administration to make eligibility determinations . . . within a specified period of time. [footnote omitted]" *Morales v. Minter,* 393 F.Supp. 88, 92 (D.Mass.1975) (dictum).

I conclude that where Congress has made no express provision in the Social Security Act for initial eligibility determinations to be made within a certain period of time, plaintiff can make no claim of violation thereunder due to excessive delay. Plaintiff's claim set out in Count I of her First Amended Complaint will be dismissed.

A different circumstance exists with regard to plaintiff's claim in Count II of her First Amended Complaint that the alleged excessive delay in making initial eligibility determinations under the SSI program violates the Administrative Procedure Act. Defendant claims that the exemption relating to "public benefits" in 5 U.S.C. § 553(a)(2) bars plaintiff's claim under the APA. This exemption, however, is limited by its own terms to the provisions of § 553 which involve notice in the rulemaking process, provisions not applicable to the plaintiff's claims here. 5 U.S.C. § 553; *see also, Housing Authority of City of Omaha v. United States Housing Authority,* 468 F.2d 1, 9 (8th Cir. 1972), *cert. den.,* 410 U.S. 927, 93 S.Ct. 1360, 35 L.Ed.2d 588 (1973). Plaintiff, in support of her claim under the APA, cites 5 U.S.C. § 555(b), which requires that " . . . within a reasonable time, each agency shall proceed to conclude a matter presented to it," and 5 U.S.C. § 706(1), which provides that on review, a court shall "compel agency action unlawfully withheld or unreasonably delayed." *See, Blankenship v. Sec'y of H.E.W.,* 587 F.2d at 333; *Environmental Defense Fund, Inc. v. Hardin,* 428 F.2d 1093, 1099 n.29 (D.C.Cir. 1970).

Plaintiff's right of judicial review stems from § 702 of the APA which permits review of agency actions by which a person is adversely affected or aggrieved. Under certain circumstances, "administrative inaction is the equivalent of an order denying relief," *Environmental Defense Fund, Inc. v. Hardin,* 428 F.2d at 1099, permitting the right and scope of judicial review granted under §§ 702 and 706 of the APA, notwithstanding the absence of an administrative decision. The *Hardin* Court recognized that "relief delayed is not always equivalent to relief denied," 428 F.2d at 1099, as do I. However, I cannot say, on a motion to dismiss for failure to state a claim, that the excessive delay alleged by plaintiff cannot ever rise to a level of inaction tantamount to the denial of relief which in turn will justify a claim made pursuant to the APA. Whether or not plaintiff can prevail on her

claim under the APA, the allegations of her First Amended Complaint are sufficient to withstand defendant's motion to dismiss, which will be denied.

■ Defendant's motion to dismiss plaintiff's Fifth Amendment due process claim rests on the assumption that plaintiff, without a liberty or property interest to protect insofar as she has not been granted benefits threatened by termination, cannot invoke the protection of the due process clause. *Cf., Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). On the contrary, unreasonable delay in administrative proceedings which may result in the wrongful deprivation of benefits to claimants raises due process implications. *Fusari v. Steinberg*, 419 U.S. 379, 389, 95 S.Ct. 533, 539, 42 L.Ed.2d 521 (1975); *cf., Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). "Fairness of procedure is 'due process in the primary sense.' [citation omitted]." *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 161, 71 S.Ct. 624, 643, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring). Mr. Justice Frankfurter further observed,

> Due process is not a mechanical instrument. It is not a yardstick. It is a process. It is a delicate process of adjustment inescapably involving the exercise of judgment by those whom the Constitution entrusted with the unfolding of the process. . . . . The precise nature of the interest that has been adversely affected, the manner in which this was done, the reasons for doing it, the available alternatives to the procedure that was followed, the protection implicit in the office of the functionary whose conduct is challenged, the balance of hurt complained of and good accomplished—these are some of the considerations that must enter into the judicial judgment. *Id.*, at 163, 71 S.Ct. at 644.

I cannot say, on the allegations of the First Amended Complaint, that plaintiff has failed to state a claim under the Fifth Amendment due process clause. Not only may delay in the administrative process, under certain circumstances, violate due process even where an articulable liberty or property interest has not yet been established, such a violation also may arise under the facts alleged in this case due to the mandatory obligation that a prospective claimant for welfare assistance from the State of New Mexico first seek and be denied benefits under the SSI program. The excessive delays alleged by plaintiff not only forestall the initial determination of eligibility for benefits under the SSI program, they may unnecessarily delay the acquisition of State benefits by a claimant who is denied federal benefits. Defendant's motion to dismiss plaintiff's Fifth Amendment due process claim also will be denied.

Defendant shall file her answer to Counts II and III of plaintiff's First Amended Complaint within twenty days of receipt of this opinion and order. She is further invited to submit a brief on the issue of class certification, having not done so before entry of the order dismissing this action as moot, which has since been vacated by the Tenth Circuit.

Having considered the motion and memoranda of counsel and further being fully advised in the premises, I conclude that defendant's motion to dismiss is well taken in part; Now, Therefore,

IT IS ORDERED that defendant's motion to dismiss plaintiff Quintana's individual claim as moot be, and hereby is, granted. Plaintiff is not precluded from proceeding to secure certification of a class which she may continue to represent notwithstanding my conclusion that her individual claim herein is moot.

IT IS FURTHER ORDERED that defendant's motion to dismiss Count I of the First Amended Complaint be, and hereby is, granted.

IT IS FURTHER ORDERED that defendant's motion to dismiss Counts II and III of the First Amended Complaint be, and hereby is, denied.

Defendant shall file her answer to the First Amended Complaint and a brief on the issue of class certification, should she desire to do so, within twenty days from receipt of this memorandum opinion and order.