See also, 491 F.Supp. 1044.

**Martha M. QUINTANA, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health & Human Services, Defendant.**

**Civ. No. 77–622M.**

United States District Court,
D. New Mexico.

July 24, 1980.

Anson B. Levitan, Timothy Meehan, Northern N. M. Legal Services, Taos, N. M., for plaintiff.

R. E. Thompson, U. S. Atty., Charles N. Estes, Jr., Asst. U. S. Atty., Albuquerque, N. M., for defendant.

## ORDER

MECHEM, District Judge.

This matter comes up for consideration on plaintiff's request that this case be certified as a class action pursuant to F.R.Civ.P. 23(b)(2). Defendant opposes class certification on the grounds that plaintiff's failure to timely file a motion seeking certification bars consideration of certification of a class at this time, that the circumstances of this case do not warrant class certification and that the issue which is the basis of plaintiff's action will not evade review should certification be denied.

In the First Amended Complaint for declaratory and injunctive relief, plaintiff's prayer for relief included a request that this Court certify a class action pursuant to Rule 23. Defendant claims that plaintiff has failed to set out such request by formal motion, as required by Local Rule 9(a), Rules of the United States District Court for the District of New Mexico. The "relation back" doctrine of *Sosna v. Iowa*, 419 U.S. 393, 402 n.11, 95 S.Ct. 553, 559 n.11, 42 L.Ed.2d 532 (1975), does not mandate consideration of class certification if the trial court could not have been reasonably expected to rule on certification before plaintiff's individual claim became moot, in this case shortly after November 8, 1977. Mem.Op. and Order of May 9, 1980, at 3. Defendant claims that plaintiff's failure to move for certification of a class in this case precluded a ruling thereon before plaintiff's claim became moot. If so, the "relation back" doctrine does not apply and certification should be denied.

■ I conclude otherwise. Although filing a written motion to certify a class would be the better practice, the allegations of plaintiff's Amended Complaint and her prayer therein that this action be certified as a class action are sufficient to avoid the technical defect defendant has raised. Plaintiff filed her complaint little more than thirty days before her individual claim

became moot. A ruling on her request on class certification could not have been reasonably expected in that short period of time. Because initial determinations concerning application for Supplemental Security Income (SSI) benefits are routinely made in a matter of months, it is also realistic to assume that the issue raised here, defendant's failure to make initial determinations within sixty days from the time applications are filed, is one capable of repetition yet evading review. 419 U.S. at 402 n.11, 95 S.Ct. at 559 n.11; *cf., Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

The class plaintiff seeks to certify includes "those persons in the State of New Mexico who have filed applications for S.S.I. benefits and have not received an initial determination within sixty (60) days of the date of application." First Amended Complaint for Injunctive and Declaratory Relief, ¶ 5. I find that the prerequisites set out in Rule 23(a)(1) and (2) have been satisfied with regard to the proposed class herein. Defendant's answers to interrogatories, filed by plaintiff in support of her prayer for class certification, indicate that from December 29, 1979 to January 25, 1980 the number of persons in New Mexico who had not received an initial determination on their application for S.S.I. benefits within 60 days of application was 178, too numerous for joinder and enough to constitute a class. The question of law common to the proposed class is whether failure to make such initial determinations within 60 days places defendant in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1), and the Fifth Amendment Due Process Clause.[1] The question of fact common to the class is the alleged failure to timely act on applications for benefits.

■ Defendant raises a potential conflict of interest among members of the class as a bar to certification pursuant to the requirement of Rule 23(a)(3). Some members of the class might not desire relief mandating an agency decision within sixty days of

---

1. Plaintiff's claim that defendant's acts are in violation of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, was dismissed for failure to state a claim by Memorandum Opinion and Order entered May 9, 1980.

application for fear haste may affect the quality of the decision to be made. To force members of the class to accept the sixty–day limit sought by plaintiff, should she prevail on behalf of the proposed class, would work an unfair hardship on those willing to wait longer than sixty days. Plaintiff cannot be said, then, to raise a claim typical of the claims of the proposed class when it appears some of the class would forego a speedy determination for a qualitatively superior one. Failure to satisfy the requirement of Rule 23(a)(3) prevents certification of the class sought by plaintiff.

The decision to deny plaintiff's request for class certification subjects this action to dismissal. Plaintiff's individual claim has been held earlier to be moot. Mem.Op. and Order, May 9, 1980. Denial of class certification leaves plaintiff without a class to represent, exhausting the second basis for her presence herein as a participating litigant. *Cf., United States Parole Comm. v. Geraghty*, 445 U.S. 388 at 402, 100 S.Ct. 1202 at 1211, 63 L.Ed.2d 479, Slip Op. at 13 (March 19, 1980). Now, Therefore,

IT IS ORDERED that plaintiff's request that this action be certified as a class action pursuant to Rule 23(b)(2), F.R.Civ.P., be, and hereby is, denied.

IT IS FURTHER ORDERED that this action be, and hereby is, dismissed, parties to bear their own costs.