Sigrid M. MALONEY, and all others
similarly situated, Plaintiffs,

v.

Joseph CALIFANO, Secretary of Health,
Education and Welfare, Defendant.

Civ. No. 77–644M.

United States District Court,
D. New Mexico.

Nov. 5, 1980.

Anson B. Levitan, Timothy Meehan,
Northern N. M. Legal Services, Taos, N. M.,
for plaintiffs.

R. E. Thompson, U. S. Atty., Ruth C.
Streeter, Asst. U. S. Atty., Albuquerque, N.
M., for defendant.

MEMORANDUM OPINION AND ORDER

MECHEM, District Judge.

This matter comes up for consideration following a remand from the United States Court of Appeals for the Tenth Circuit for a determination of whether the requirements for maintaining a class action under Fed.R. Civ.P. Rule 23 are present and whether certification, if granted, should relate back to the time of the filing of the complaint. Plaintiff filed this action on October 18, 1977, seeking injunctive relief. Plaintiff desires the Secretary of Health and Human Services be required to make reconsideration determinations on applications for disability insurance benefits and supplemental security income benefits within sixty days of requests for reconsideration. In 1977, defendant moved to dismiss the complaint on the grounds that the action was moot because Sigrid Maloney, the named plaintiff, had received a reconsideration determination. On March 30, 1978, I found that the cause was moot and granted defendant's motion to dismiss. On appeal the Court of Appeals reversed because no determination had been made as to whether the requirements of Fed.R.Civ.P. Rule 23 had been met and whether class certification, if granted should relate back to the filing of the complaint to prevent the issue from evading review. Plaintiff Maloney filed a motion for class certification and a motion for leave to amend the complaint in order to sub–divide the putative class into three sub–classes. The parties have submitted briefs on these issues and have advised me that a hearing on class certification is not necessary.

■ The motion for leave to amend the pleadings seek to create sub–classes in the class plaintiff Maloney seeks to represent. The plaintiff claims that the creation of sub–classes would allow for proper management of this action and would avoid the problem of potential antagonistic interests of class members. Such potential conflicts was the basis for my denial of class certification in a case substantially similar to this case. *Quintana v. Harris*, 491 F.Supp. 1044 (1980). The defendant claims that the cre-ation of the proposed sub–classes would not cure the problems of potential conflicts and that the proposed sub–classes are not capable of identification.

I disagree with defendant's claims. The sub–classes proposed by plaintiff would allow for the fashioning of appropriate remedies, without the class members having conflicts among themselves, if plaintiff were to prevail in this matter. The fact that the defendant does not now maintain a breakdown of claimants seeking reconsideration in a manner suggested by the proposed sub–classes is insufficient reason to disallow the amendment of the pleadings. If the plaintiff prevails in this matter, any necessary revision of the manner in which the defendant's records are maintained could be accomplished. Furthermore, my ruling in *Quintana v. Harris*, does not mandate a denial of the motion for leave to amend the pleadings. The denial of the motion to allow sub–classes in *Quintana* was based on considerations of timeliness of the request rather than on the appropriateness of the proposed sub–classes. The request for sub–classes in the instant case has been made prior to a ruling on the class certification issue rather than in a motion to reconsider a denial of class certification as was done in *Quintana.*

The motion for leave to amend the pleadings in order to redefine the class and create sub–classes shall be granted. The proposed class and sub–class shall be defined as:

Those persons in the State of New Mexico who have filed applications for OASDI and SSI benefits, under the Social Security Act, 42 USC 401 et seq. and 42 USC 1381 et seq. and have not received reconsideration determination within sixty (60) days of the request for reconsideration *or* who have not received a determination within sixty (60) days and who may wish to allow the Secretary to gather additional evidence but who have not been advised of their right to a determination within sixty (60) days and the concurrent option of waiving that right, and consisting of the following subclasses:

(a) all those whose files are complete for purposes of rendering a reconsideration determination but who have not received a determination within sixty (60) days of request for reconsideration.

(b) all those who have not received a reconsideration determination within sixty (60) days of request who may wish to submit additional evidence but have not been advised of their right to a decision in sixty (60) days and their concurrent option to waive that right; and

(c) all those who have not received a reconsideration determination within sixty (60) days for whom the Secretary wishes to obtain additional evidence but who have not been advised of their right to a determination within sixty (60) days and of their concurrent right to waive that time limit.

■ For the reason stated in my order in *Quintana v. Harris,* I find that the requirements of numerosity, and common questions of law and fact as set out in Rule 23(a)(1) and (2) are met by the proposed class. Additionally, I find that the potential conflict noted in *Quintana* can be avoided through the use of sub–classes as suggested by plaintiff Maloney. The use of the sub–classes allows individual members of the proposed class to waive their right to a decision within sixty (60) days if such a right is eventually found to be present in this case. The allowance of the waiver of the right to a determination within 60 days within the newly defined proposed class provides a way in which the representative plaintiff has claims typical of the claims of the class and will fairly and adequately protect the interest of the class. The requirements of Fed.R.Civ.P. 23(a)(3) and (4) are, therefore, met.

An action may be maintained as a class action only if the putative class fulfills the requirements of Fed.R.Civ.P. 23(a) as discussed above and fits into one of the sections of Fed.R.Civ.P. 23(b). I find that the class proposed by plaintiff in the instant action falls within the parameters found in Fed.R.Civ.P. 23(b)(2). The Secretary, who is the opposing party, has acted or refused to act on grounds generally applicable to the class. The Secretary has failed to require the determinations at issue to be made within 60 days. This failure makes "appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole . . . ." Certification of the class as proposed by plaintiff is, therefore, appropriate.

■ Having found that the requirements for certification of a class have been met, I must, pursuant to the mandate of the Tenth Circuit, determine whether or not the "relation back" doctrine discussed by the United States Supreme Court in *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) is applicable to the present case. The controversy of the named plaintiff with the Secretary involves the amount of time taken by the Department of Health and Human Services to make reconsideration determinations on applications for disability insurance benefits and supplemental security income benefits. The controversy involving the named–plaintiff became moot as to her before the Court could reasonably have been expected to have ruled on the class certification request in the original complaint. Whether the certification can be said to "relate back" to the filing of the complaint depends, therefore, upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review. *Sosna v. Iowa,* 419 U.S. at 402, n.11, 95 S.Ct. at 559 n.11. I find that the reality of the situation here is that if "relation back" of the certification is not allowed the issues involved in this case could easily be capable of repetition but evading review. I conclude, therefore, that "relation back" of certification to the time of the filing of the complaint is appropriate in this case. Now, Therefore,

IT IS ORDERED that plaintiff's motion for class certification shall, and hereby is, granted. The class and the sub–classes shall be defined as set out above.

IT IS FURTHER ORDERED that such class certification shall relate back to the filing of the complaint which was done on October 18, 1977.