663 F.2d 78
 Martha M. QUINTANA, on behalf of herself and all others
similarly situated, Plaintiffs-Appellants,
v.
Patricia Roberts HARRIS, Secretary of the United States
Department of Health and Human Services, Defendant-Appellee.
 No. 80-2061.
 United States Court of Appeals,
Tenth Circuit.
 Submitted March 3, 1981.
Decided Nov. 4, 1981.
 
 Anson B. Levitan of Northern New Mexico Legal Services, Inc., Santa Fe, N. M., for plaintiffs-appellants.
 Alice Daniel, Asst. Atty. Gen., Washington, D. C., R. E. Thompson, U. S. Atty., D. N. M., Albuquerque, N. M., and Verrell L. Dethloff, Jr., Atty., Social Security Div., Dept. of Health and Human Services, Baltimore, Md., for defendant-appellee.
 Before SETH, Chief Judge, and McKAY and LOGAN, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant seeks to compel the Secretary of the United States Department of Health and Human Services to rule on Supplemental Security Income benefit applications within sixty days. Appellant sought class certification, partly to avoid inevitable mootness problems. The district court dismissed the complaint as moot. We reversed and remanded for a determination of when mootness arose for purposes of the relation back doctrine of Sosna v. Iowa, 419 U.S. 393, 402 n. 11, 95 S.Ct. 553, 559 n. 11, 42 L.Ed.2d 532 (1975), and, if appropriate, for a determination on the merits of plaintiff's requested class certification. Quintana v. Califano, 623 F.2d 128 (10th Cir. 1979).
 
 
 3
 On remand the district court determined that although plaintiff's individual claim was moot, "it did not become moot until after a request for class certification." Quintana v. Harris, 491 F.Supp. 1044, 1045 (D.N.M.1980). Consequently, because "an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim," United States Parole Commission v. Geraghty, 445 U.S. 388, 404, 100 S.Ct. 1202, 1212, 63 L.Ed.2d 479 (1980), the district court reached the merits of the class certification. The court found that there existed a potential conflict of interest among members of the proposed class, and that therefore plaintiff did not raise a claim typical of the claims of the proposed class. The conflict the district court saw was a simple one, that is, that some members of the proposed class might not wish to compel early adjudication because it may affect the quality of the Secretary's deliberations. Accordingly, the district court denied the class certification and, because of the mootness of plaintiff's individual claim, dismissed the action. 88 F.R.D. 132.
 
 
 4
 Promptly thereafter plaintiff filed a motion pursuant to Fed.R.Civ.P. 59(e) requesting that the court alter or amend its judgment denying class certification. The substance of plaintiff's motion was a request that the district court, having denied the certification of the broad class, consider certification of a smaller subclass which would avoid the conflict of interest present in the original class. The district court denied the motion, and plaintiff's appeal is from the denial of the Rule 59(e) motion. The district court did not give any reason for denying the Rule 59(e) motion. In its order in another matter pending before it, however, the district court did make reference to its denial in this case, indicating that its "denial of the motion to allow sub-classes in Quintana was based on considerations of timeliness of the request rather than on the appropriateness of the proposed sub-classes." Maloney v. Califano, 88 F.R.D. 293, 294 (D.N.M.1980).
 
 
 5
 The only question before us is whether, in cases where the district court's denial of class certification because of potential conflicts within the class results in the dismissal of the underlying action, the district court must give the losing class proponent a reasonable opportunity, via Rule 59(e), to propose subclasses that he hopes will be certifiable.
 
 
 6
 In United States Parole Commission v. Geraghty, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), the Supreme Court reviewed an appeals court order requiring the district court to consider sua sponte the possibility of certifying subclasses where the district court had properly refused to certify the proposed class and had ruled against the named plaintiff on the merits. In approving the appeals court order, the Court said:
 
 
 7
 We feel that the Court of Appeals' decision here does not impose undue burdens on the district courts. Respondent had no real opportunity to request certification of subclasses after the class he proposed was rejected. The District Court denied class certification at the same time it rendered its adverse decision on the merits. Requesting subclass certification at that time would have been a futile act.
 
 
 8
 United States Parole Commission v. Geraghty, 445 U.S. at 408, 100 S.Ct. at 1214 (emphasis added).
 
 
 9
 While the Court held that the trial court had no obligation to construct the subclasses, it approved the remand to permit the class proponent an opportunity to bear the burden of constructing proposed subclasses. It seems obvious that since the district court in Geraghty was required to subsequently consider subclasses even though no such consideration was requested by the parties, the district court's denial of plaintiff's request to consider subclasses in this case is a fortiori an abuse of the discretion enjoyed by the district court under Rule 59(e). See Slater v. KFC Corp., 621 F.2d 932, 939 (8th Cir. 1980).
 
 
 10
 Appellee argues that the proper time to propose subclasses was when it in a memorandum indicated a concern about conflicts in the class, and not after the district court had denied the proposed class certification. The language of Geraghty is precisely opposite. It mandates a reasonable opportunity to propose subclasses after the rejection of the originally proposed class. Appellee's notion of timeliness would require class proponents automatically to propose subclasses whenever an opposing party objects to the scope of the originally proposed class. We believe that Geraghty requires a reasonable opportunity to propose subclasses after denial of class certification where the denial is based on the structuring of the class and where the problems in the broad class might be remedied by forming subclasses. A Rule 59(e) motion filed promptly after the denial of class certification is an appropriate vehicle for affording a reasonable opportunity to propose subclasses where the denial results in dismissal of the underlying action.[1]
 
 
 11
 The case is therefore reversed and remanded for the district court to consider on the merits the proposed subclasses.
 
 SETH, Chief Judge, dissenting:
 
 12
 This case is on an appeal from a denial of a motion under Rule 59(e) of the Federal Rules of Civil Procedure. The plaintiff-appellant sought by the motion to amend the judgment of the trial court entered on July 25, 1980 which denied class certification and dismissed the case. The motion under Rule 59(e) contained all the details and was filed with a memorandum brief on August 4th. On August 26th it was denied by an order which recited that the court had reviewed the motion, and being otherwise fully advised found the motion "not well taken." No specific reasons for denial were included in the order. The plaintiff thereupon appealed.
 
 
 13
 This circuit has held that a 59(e) motion may be used to raise issues directed to the correctness of a judgment. Miller v. Leavenworth-Jefferson Elec. Co-op., 653 F.2d 1378 (10th Cir.). Other circuits have held to the contrary. Thus the use of a 59(e) motion was a suitable device to assert the order to be in error.
 
 
 14
 We have held in Rex v. Owens ex rel. State of Okl., 585 F.2d 432 (10th Cir.), that certification of a class is "within the discretionary powers of the trial court" and its determination will not be disturbed absent a showing of abuse of discretion. Our review, as stated in Peterson v. Oklahoma City Housing Authority, 545 F.2d 1270 (10th Cir.), is to see that the required standards were applied. Monarch Asphalt Sales Co., Inc. v. Wilshire Oil Co. of Texas, 511 F.2d 1073 (10th Cir.); Gold Strike Stamp Co. v. Christensen, 436 F.2d 791 (10th Cir.).
 
 
 15
 In an earlier opinion in this case (Quintana v. Califano, 623 F.2d 128 (10th Cir.)), we held:
 
 
 16
 "The summary order of dismissal, without any findings of fact, and without any statement of reasons, leaves us in doubt as to the basis for the order and requires reversal and remand."
 
 
 17
 The trial court in its initial consideration on remand did specify the reasons for its denial of class certification. On this appeal, however, we are left without reasons or findings by the trial court after its consideration of the 59(e) motion. These reasons or analysis are necessary to our consideration of an appeal.
 
 
 18
 I must depart from the position taken in the majority opinion and would instead remand the case to the trial court for the limited purpose of permitting the court to make findings or express specific reasons why the subclass certification was denied by the order entered in response to the Rule 59(e) motion.
 
 
 19
 This disposition is dictated by our decisions and practice. There would seem to be no occasion for the application of United States Parole Commission v. Geraghty, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479.
 
 
 20
 In Geraghty the plaintiff made no motion in the trial court for a consideration of suggested subclasses or a reconsideration of the initial denial as was done in this case. The Court in Geraghty said "(r)espondent had no real opportunity to request certification of subclasses after the class he proposed was rejected." In the case before us, however, the plaintiff had such an opportunity and took advantage of it by his motion. The motion described the proposed subclasses in detail. The trial court here considered the request for certification of subclasses. The motion was filed, some three weeks elapsed, and the court entered the order to deny the motion which recited that it had been considered as referred to above.
 
 
 21
 The majority opinion states, relying on the Geraghty case, that:
 
 
 22
 "the district court's denial of plaintiff's request to consider subclasses in this case is a fortiori an abuse of the discretion enjoyed by the district court under Rule 59(e)."
 
 
 23
 It is difficult to understand how the statement can be made that the trial court denied "plaintiff's request to consider subclasses." This statement also appears in plaintiff's brief, but is contrary to the record and incorrectly assumes that the trial court acted without considering plaintiff's motion and memorandum. Thus that it acted in a manner contrary to what it said it did. The statement of the record which instead should be made is that plaintiff described and requested subclasses in the motion. These were considered by the court and it refused to create such subclasses. Thus, again, the Geraghty case is not in point because the plaintiff here did request that subclasses be created, they were described at length, and her request was considered and acted upon.
 
 
 24
 The only problem in this appeal, as I see it, is the point referred to above-that the trial court did not state the reasons for the denial of the request for the subclasses described in plaintiff's motion. These we need for a review.
 
 
 25
 The majority opinion refers to another and different case before the same trial judge wherein the judge purportedly made a statement about this case. Thus in an apparent attempt to include it in the record material was attached to the brief of appellant, but is no part of the record in this case nor part of our court records.
 
 
 
 [1]
 We do not hold that Rule 59(e) provides the means to circumvent the rule "that orders relating to class certification are not independently appealable under (28 U.S.C.) § 1291 prior to judgment," Coopers & Lybrand v. Livesay, 437 U.S. 463, 470, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). Our holding is limited to cases where denial of class certification results in the dismissal of the underlying action. In these cases, Rule 59(e) provides the most efficient conduit through which the subclass proposals sanctioned by Geraghty may pass to the district court. When denial of class certification does not result in dismissal the plaintiff may have other procedural devices allowing him to present subclasses to the district court, but review of the denial must await the district court's final decision on the merits. See United States Parole Comm'n v. Geraghty, 445 U.S. at 399-400, 100 S.Ct. at 1209-1210