Roy G. LYON, individually and on behalf of all those similarly situated, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

No. CIV–77–1172–B.

United States District Court, W. D. Oklahoma.

March 19, 1982.

James M. Little, Conner, Little & Conner, Oklahoma City, Okl., for plaintiff.

John E. Green, Acting U. S. Atty., W. D. Oklahoma, Oklahoma City, Okl., for defendant.

## FINDINGS AND ORDER DENYING CLASS ACTION CERTIFICATION

BOHANON, District Judge.

The plaintiff brings this action under the Privacy Act, 5 U.S.C. § 552a, seeking injunctive and monetary relief. As part of his claim, the plaintiff alleges widespread abuse and dereliction of duty on the part of the Department of Labor [1] and therefore wishes the suit to be certified a class action, pursuant to Rule 23, Federal Rules of Civil Procedure.

The facts of this case are relevant to the disposition of the certification issue. The complaint and other filings of the plaintiff were of little help in setting out the facts. The court therefore finds it necessary to rely in part on representations made by the government. Plaintiff has not disputed the accuracy of the government's statement of facts related in the government's brief filed September 22, 1978.

[1]. 5 U.S.C. §§ 552(a)(d)(3) and (g)(1) provide that the proper party defendant in Privacy Act actions is the agency involved.

The court's discussion of the class action claim is based upon the following fact pattern.

In a letter dated May 20, 1977, defendant Lyon submitted a request to the U. S. Department of Labor, Office of Worker's Compensation Programs, New Orleans, Louisiana, (hereafter, "Labor Office"), asking for certain information regarding his records. The request centered around certain traumatic injuries he claimed to have received while an employee of the Department of Defense.

The information was not forthcoming, and neither was proper acknowledgment of the request as required under 5 U.S.C. § 552a(d)(2). On December 5, 1977, defendant filed the above-entitled action seeking access to his file. Plaintiff received a copy of his compensation file with a cover letter dated January 13, 1978, a period of some eight months after the initial request.

The letter of May 20, 1977, apparently marked as a request under the Privacy Act, included a request that his compensation claim file be amended to reflect that he had suffered a wage earning capacity loss of 15%. The Labor Office has yet to respond to this request.

The amended complaint filed May 31, 1978, contains a prayer for several types of relief. Lyon demands:

"1. An Order be entered permitting this action to proceed as a class action;

2. The plaintiff and other members of the class recover from the defendant actual damages sustained by each individual, but in no case shall such recovery be less than $1,000.00 per person;

3. That the agencies concerned be directed to amend the individual records in accordance with their request or in such other way as the Court may direct;

4. That the agencies involved be enjoined from withholding records from the individuals concerned and order the production to each individual any record of any agent improp-erly withheld from such individual and to which the individual is entitled to a copy;

5. That the plaintiff and other members of the class recover a reasonable attorney fee and the cost of the action."

Amended Complaint at 3–4.

Over objection of the defendant, plaintiff was permitted to conduct extensive discovery of the defendant's files in several regional offices of the Department of Labor, Office of Worker's Compensation Programs. The fruits of plaintiff's search were kept sealed pending *in camera* review by the court to determine their relevancy, and additionally to assure that disclosure would not unreasonably infringe on the privacy of therein-mentioned claimants.

The government asserts that much of the relief requested by Mr. Lyon on the above set of facts is simply unavailable under the Privacy Act. The court agrees.

The plaintiff wishes the court to provide injunctive relief in two areas, according to the prayer in the amended complaint:

a. To compel defendants to amend plaintiff's record to reflect an increase in disability, and provide the same relief for other class members; and

b. To compel defendants to properly honor requests sent to the Office under the Privacy Act.

In addition, during the evidentiary hearing, plaintiff's counsel stated he wished the court to order the Labor Office to comply with certain of its internal regulations and properly trace Privacy Act requests on a "Form 67B" supplied by the Department of Labor.

The court's ability to provide injunctive relief is quite limited. In *Parks v. Internal Revenue Service*, 618 F.2d 677 (10th Cir. 1980), the court reasons:

"Section 552a(g) authorizes the court to issue injunctions in only two instances: first, to amend the individual's record, *see* 5 U.S.C. § 552(g)(2)(A); second, to order an agency to produce agency records im-

properly withheld from an individual, *see* 5 U.S.C. § 552a(g)(A). But the Act fails to authorize injunctive relief against violating the Act in other ways. Moreover, the legislative history evidences an intent to preclude the availability of injunctive relief in all cases. *See* Analysis of House and Senate Compromise Amendments to the Federal Privacy Act, *reprinted* in 120 Cong.Rec. 40405, 40406 (1974)." at 684.

■ At first reading it may appear the court can readily issue injunctions as requested[2] in the prayer of the amended complaint. There appears to be no authorization in the Privacy Act for the issuance of an injunction to require the Labor Office to utilize the "Form 67B."

■ The Privacy Act clearly permits the federal court to order amendment of records to correct inaccuracies. However, if the facts of this case are as the government avers them to be, other legislation precludes the court from compelling the "amendment" Mr. Lyon requests. If in fact Mr. Lyon wishes to make a determination of increased disability and have Labor Office records so reflect, the court cannot accommodate him. A Privacy Act claim is not a backdoor mechanism to subvert the authority bestowed upon the Secretary of Labor to handle employee compensation claims.[3] It has long been settled the procedure outlined in the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.*, provides the exclusive method of presenting compensation claims resulting from on-the-job injuries of federal employees. *Avasthi v. United States*, 608 F.2d 1059 (5th Cir. 1979); *Cobia v. United States*, 384 F.2d 711 (10th Cir. 1967); *United States v. Martinez*, 334 F.2d 728 (10th Cir. 1964); *Boyer v. Regli*, 510 F.Supp. 1078 (E.D.Pa.1981); *Levine v. United States*, 478 F.Supp. 1389 (D.Mass.1979).

The court therefore finds injunctive relief in this case would only be appropriate to compel the Labor Office to act on the Privacy Act requests presently before it.

With respect to Lyon's claim for damages, the court finds the "awardability" of monetary relief to be much more restricted than the plaintiff claims. In order to prevail in damages under the Act, the court must find:

1. Plaintiff is an "individual" whose "record" was in a "system of records" maintained by an "agency." 5 U.S.C. § 552a(a).

2. The agency failed to maintain that record in an accurate, timely and complete manner "as is reasonably necessary to assure fairness in any determination relating to the qualifications, character, rights or opportunities of or benefits to the individual." 5 U.S.C. § 552a(e)(5).

3. This failure caused a determination by the agency, of some kind, which determination is adverse to the individual's interests; and

4. That the agency action or failure or both was in "a manner which was intentional or willful."

*See generally*, O'Reilly, 2 Federal Information Disclosure, Chs. 20–22 (1980 Rev. Ed.).

■ It appears that plaintiff believes the Secretary of Labor's failure to make a favorable determination, or any determination at all, on the FECA claim can be considered an "adverse determination" under the Privacy Act, permitting the recovery of damages. *See* Plaintiff's Brief, filed November 3, 1981, at 7. Plaintiff's claim for damages must be predicated solely upon the Labor Office's reluctance to address Mr. Lyon's one outstanding Privacy Act request

**2.** The government has argued that since Lyon has received a copy of his file, it would be an act of futility for the court to compel its production. This is perhaps true as to Mr. Lyon; however, the mooting of his claim does not necessarily moot that of the class. *See United States Parole Commission v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980).

**3.** If a situation were to arise where the Secretary did find a claim to have merit, but for some reason refused to so note on the employee's record, the employee would perhaps have a claim for correction under the Privacy Act.

for "correction."[4] The burden is on Mr. Lyon to prove an "adverse determination" resulted from the delay, intentionally and willfully caused by the agency.

One last comment is appropriate before class action certification matters are addressed. In the course of the evidentiary hearing, the court admitted numerous governmental publications. The court withheld ruling as to the admissibility of Plaintiff's Exhibit 5 permitting the defendant to object to same. No objection was forthcoming, and the court now finds it should be and is admitted into evidence.

The conclusion to be drawn from the publications is that the Department of Labor does not dispose of workers' compensation claims promptly. One study found:

"... under [Department of] Labor's criteria, about 98 percent of the payments for wage loss were not timely ...."

Report By The Comptroller General To The Congress, Injury Compensation Process Delays Prompt Payment Of Benefits To Federal Workers, No. HRD–81–123, September 25, 1981. (Plaintiff's Exhibit 5).

■ This discouraging statistic is not, however, relevant to the inquiry at hand. The fact that a large class of dissatisfied FECA claimants exists is of no moment in considering the duties of the Department as outlined in the Privacy Act. As noted, FECA claimants are limited to using the FECA mechanism in pursuing claims for compensation.

■ The plaintiff has averred compliance with Rule 23(a), and in open court expressed his desire to stand upon Rule 23(b)(2) as the basis for the injunctive relief requested, and Rule 23(b)(3) as the basis for the award of damages. This type of "dual rule" class action is not unheard of. See Rich v. Martin Marietta Corp., 522 F.2d 333, 342 (10th Cir. 1975). Before a suit is certified as a class action, it must be shown that all the prerequisites of Rule 23(a) and at least one of the subdivisions of Rule 23(b) have been satisfied, Albertson's Inc. v. Amalgamated Sugar Co., 503 F.2d 459 (10th Cir. 1974).

■ For the reasons hereinafter stated, the court does not believe this to be a proper case to proceed as a class action. The court finds plaintiff has failed to sustain his burden of proof that the request for class action status should be granted. Said burden unquestionably rests with the plaintiff. See Redhouse v. Quality Ford Sales, Inc., 511 F.2d 230 on rehearing 523 F.2d 1 (10th Cir. 1975); Rossin v. Southern Union Gas Co., 472 F.2d 707 (10th Cir. 1973).

The requirements for certification will be discussed seriatim.

*Rule 23(a)(1)—"Numerosity"*

Though plaintiff initially requested a much larger group be considered, see Amended Complaint at 2, later filings and counsel's statements at the evidentiary hearing make it clear that membership in the proposed class is to be limited to:

"... those persons who have filed claims under the Worker's Compensation Act and who have not been afforded the provisions of Title 5 U.S.C. § 552a."

Brief in Support of Class Action, filed August 23, 1978, at 4.

■ In class action suits, there must be presented some evidence of established, ascertainable numbers constituting the class in order to satisfy even the most liberal interpretation of the numerosity requirement. Rex v. Owens, 585 F.2d 432 (10th Cir. 1978). See generally 3B Moore's Federal Practice, 2d Ed. § 23.05[3]. No specified number of candidates is necessary. Cypress v. Newport News General and Nonsectarian Hospital Ass'n., 375 F.2d 648 (4th Cir. 1967). Every potential member need not be identifiable at the outset, and the Rule presents no geographical bounds to membership. Holman v. Califano, 83 F.R.D. 488 (M.D.Pa. 1979). A finding of numerosity should be based on examination of the specific facts of each case. General Telephone Co. v. EEOC, 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980).

4. The Office cannot refuse to advise Mr. Lyon of its disposition of his claim for amendment, the merits of the claim notwithstanding. See 5 U.S.C. § 552a(d)(2)(B)(ii).

The evidence shows the existence of a large class of persons who have filed claims under FECA. There exists, however, only scant evidence of the presence of any identifiable number of FECA claimants who have not been afforded due and proper consideration under the Privacy Act. Pablo Villalobos, Deputy Commissioner, Department of Labor, Office of Workmen's Compensation Programs, New Orleans, Louisiana, testified by deposition that 43 Privacy Act requests had been logged in his district since June 28, 1979.[5] Dep. at 17. These Privacy Act requestors were not identified as also being FECA claimants. Further, there was little evidence of any mishandling or delay in responding to Privacy Act requests.

Marilyn Felkner, Assistant Deputy Commissioner, Department of Labor, testified by deposition that during her tenure at the New Orleans district office, the office was not "100 percent successful" at responding to Privacy Act requests within statutory time limits. Dep. at 15. Again, these Privacy Act requestors were not identified as also being FECA claimants.

There exists little evidence of any sort of damaging delay or other malfeasance on the part of the Labor Office in responding to Privacy Act requests, and therefore, the court concludes that the plaintiff has not proven the existence of any discernible number of potential class members. Nevertheless, the court could perhaps be convinced to presently overlook this fault in plaintiff's presentation, were it the only fault. In *Horn v. Associated Wholesale Grocers*, 555 F.2d 270 (10th Cir. 1977), the court found that denial of the existence of a valid class based upon absence of proof of numerosity alone was unwarranted.

Here, defendant was sometimes less than accommodating when class certification matters were pressed in discovery. *See* Deposition of Stuart Glassman at 15. The court finds no proper proof of numerosity in plaintiff's presentation, but would not entirely exclude this case from class action certification because of this flaw.

*Rule 23(a)(2)—Common Questions of Law or Fact*

Rule 23(a)(2) requires there to be questions of law or fact common to the class. Total "commonality" is not required. *See Johnson v. American Credit Co.*, 581 F.2d 526 (5th Cir. 1978); *Like v. Carter*, 448 F.2d 798 (8th Cir. 1971).

Class actions have previously been certified in Privacy Act cases, and therefore it is apparent this "commonality" requirement can be met. *Cf. Parks, supra.* (not specifically addressing the propriety of class actions under the Privacy Act).

The single most evident common question of fact in this case would be, of course, the Office's failure to respond to properly presented requests under the Privacy Act. However, this question presents a problem of considerable proportions.

Materials submitted to the court reflect that many requests for information with regard to pending claims are submitted to the Office. Most are not marked as Privacy Act claims. Classification of correspondence would be difficult.

The most apparent common question of law would be the applicability of the Privacy Act provisions to the numerous FECA claimants.

The court finds there to be some common question of law and fact.

*Rule 23(a)(3)—Typicality*

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality").

The posture of plaintiff's individual claim appears to be that he has received the requested documents, has requested changes be made in his records, and has long awaited a response from the agency. His "access" claim has therefore been mooted; any injunctive relief would necessarily be in an effort to force the Labor Office to respond to Lyon's correspondence regarding adjustments in his records.

---

**5.** The deposition was taken May 15, 1981.

Plaintiff has wholly failed to demonstrate there exists an identifiable group of persons who stand in his shoes. None of the plaintiff's documents reveal the presence of any other claims bogged down in the same fashion, or in the same posture, as his.

As noted above, the plaintiff's ultimate objective in this case is to have a favorable determination made on a worker's compensation claim. This claim would seem not typical of those of any suggested class, when it is kept in mind that the basic purpose of the Privacy Act is:

> "... [to give] the individual the right, with certain exceptions, to be told upon request whether or not there is a government record on him or her, to have access to it, and to challenge it with a hearing upon request and with judicial review in a Federal Court...."

S.Rep.No.93–1183, 93rd Cong. 2d Sess., reprinted in 1974 U.S.C.C.A.N. 6916 at 6918.

The court therefore finds Mr. Lyon's claim to fall short of the "typicality" requirement.

*Rule 23(a)(4)—Adequacy of Representation*

The court has no doubt counsel for the plaintiff is wholly competent to undertake the presentation of a class action. There is additionally no evidence that representation would be unfair to absentee class interests. *See Winokur v. Bell Federal Savings and Loan Assoc.*, 16 F.R.Serv.2d 65 (N.D.Ill. 1973).

The court accordingly finds the action to pass muster under Rule 23(a)(4).

Having found Mr. Lyon's claim for class action certification to fail under Rules 23(a)(1) and (a)(3), the court needs go no further. Nevertheless, in order to demonstrate how far off the mark this case is from a proper class action, the court will additionally discuss some aspects of Rule 23(b), and their applicability to the instant claim.

*Rule 23(b)(2)*

The plaintiff desires to have the class certified under Rule 23(b)(2), which requires that:

> "(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole...."

The rule additionally requires that final injunctive or declaratory relief must be requested against the party opposing the class.

In alleging compliance with this provision, plaintiff states:

> "The plaintiff has met the requirements of Rule 23(b)(2) and the Department of Labor should and must comply with the law as its acts affect the rights of any other claimant to have his records corrected. An order requiring the Department of Labor to set up a record keeping system and to comply with the Privacy Act should be entered as the facts require this as a minimum.
>
> The plaintiff we submit is correct in arguing that the Department of Labor has acted or refused to act on grounds generally applicable to the class in this case."

Trial Brief of plaintiff at 7.

As noted earlier, at p. 72, the Privacy Act does not empower the court to oversee an agency's filing and response procedures. Thus, any injunctive relief would have to be in the form of an order simply requiring the agency to strictly adhere to the deadlines provided in the statute.

There is a considerable question as to whether the court is empowered to provide prospective injunctive relief under the Act. As interpreted in *Parks, supra*, 5 U.S.C. § 552a(g) can only be invoked after an agency has refused to fulfill an obligation under the Act. 618 F.2d at 684.

If this be the case, the only viable injunction issuable would run against those who presently have Privacy Act requests filed and have not been afforded the provisions of the Act. Not even the plaintiff has ventured a guess as to what "grounds" the defendant has allegedly "refused to act" upon, *see* Rule 23(b)(2). The court is not

willing to resort to coercive process to remedy a problem that may or may not exist. The plaintiff's justifications for invoking equitable remedies are wholly conclusory.

The court therefore finds injunctive and/or declaratory relief to be inappropriate with respect to the class as a whole.

*Rule 23(b)(3)—Common Questions*

In order to sustain a class action under 23(b)(3), the court must find that:

a. Questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and

b. That the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

In Privacy Act damages actions, questions affecting only individual members greatly outweigh questions of law and fact common to the class. As noted previously, at p. 72, *supra,* certain specific determinations must be made in each Privacy Act case. In the case at bar, only determinations listed under (1)—the status of a claimant as an "individual" and the status of the Office as a functional unit of an "agency" which maintains "records" in a "system of records"—can be generally decided for the class by defining membership therein. Individual considerations would have to be given to each requestor with respect to the requirements of (2), (3) and (4), resulting in numerous "minitrials." The individualized nature of the proof precludes this court from finding this case suitable for class certification under Rule 23(b)(3). *See Windham v. American Brands, Inc.,* 565 F.2d 59 (4th Cir. 1977); *Ryan v. Eli Lilly and Co.,* 84 F.R.D. 230

---

6. "The court is in receipt of your letter dated March 1, 1982. Having carefully reviewed all the exhibits and briefs submitted by both parties, the court finds class action certification should be denied in this case. The bulk of the materials you have submitted deal with payment and consideration of claims under the Federal Employees Compensation Act, not disclosure of documents under the Privacy Act.

A formal finding will be entered in the near future.

(D.S.C. 1979); *In re Transit Company Tire Antitrust Litigation,* 67 F.R.D. 59 (W.D.Mo. 1975).

This court has afforded plaintiff the opportunity to propose subclasses by letter dated March 5, 1982.[6] *See Quintana v. Harris,* 663 F.2d 78 (10th Cir. 1981). Plaintiff has declined to so propose and the court accordingly considers the subclass issue as closed.

Plaintiff's motion for class action certification is DENIED. Plaintiff's claim will be tried individually.

Your above referred-to letter directs my attention to *Quintana v. Harris,* 663 F.2d 78 (10th Cir. 1981). If the intent of this letter is to request an opportunity to propose certifiable sub-classes, said request is granted. Please file your proposal by March 12, 1982, and it will be given due consideration. Please also advise if you wish an evidentiary hearing."