Joseph LEIB, Plaintiff,

v.

VETERANS ADMINISTRATION,
Defendant.

Civ. A. No. 81–1224.

United States District Court,
District of Columbia.

Sept. 7, 1982.

Marvin D. Miller, Alexandria, Va., for plaintiff.

Kathryn Braeman, Asst. U.S. Atty., Office of Information and Privacy, Dept. of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER

JACKSON, District Judge.

This is an action brought under the Freedom of Information Act, 5 U.S.C., Section 552 and the Privacy Act, 5 U.S.C., Section 552a. The case is now before the Court on the defendant's motion to dismiss.[1] For the reasons stated below, defendant's motion is granted.

### Background

The record establishes that plaintiff Leib is a World War II veteran who was initially granted service-related disability benefits in 1945.[2] In 1961, however, defendant Veterans Administration (VA) determined that his disability had not been caused, nor aggravated, by his military service and terminated his benefits. The Board of Veterans Appeals reviewed the proceedings in 1962, 1963, 1968, and 1970, and a final denial of benefits was made in May of 1971. In 1978 Leib sought judicial review of the disposi-

---

1. Defendant's motion relies upon an affidavit submitted in support thereof, as well as upon affidavits submitted in conjunction with an earlier dispositive motion, and must, therefore, be treated as a motion for summary judgment. Fed. R. Civ. P. 12(b)(6), 12(c) and 56; *Perry v. Block*, No. 684 F.2d 121 at 125–126 (D.C. Cir. 1982).

2. Leib entered on active duty with the Army on June 11, 1943, at the age of 32, and was honorably discharged July 10, 1943, as disabled. The disabling condition was rheumatoid arthritis alleged by Leib to have been caused or aggravated by a fall during basic training.

tion of his claim in this court in *Leib v. United States, et al.,* Civil Action No. 78–1389, which was dismissed November 7, 1978, on the ground that 38 U.S.C., Section 211(a) rendered the VA's decision final and conclusive, absent a substantial showing of a due process violation which the record did not disclose, and the decision was affirmed *per curiam* by the Court of Appeals in No. 79–1209, on January 14, 1980. Leib made his FOIA request to the VA the following November and received the VA's response in April, 1981.

On May 27, 1981, Leib commenced this action to obtain documents he contended should have been a part of his VA records, but were not, which would establish his entitlement to the benefits previously "arbitrarily and maliciously" rescinded. The documents alleged to be missing were: (1) a rating allegedly approved by the Central Office on the Administrative Review as completed 9 September, 1955; (2) the morning and sick reports of the Army unit to which Leib was assigned, the existence of which was purportedly confirmed by a G.S.A. letter dated 17 March 1965; (3) the Report of Investigation of a Colonel E.H. Gist of the Army Service Center, Camp Lee, Virginia, dated 7 July, 1943; (4) the War Department's recommendations submitted to General Hines by Secretary of War Stimson as referred to in a letter dated 4 June, 1945 addressed to Senator William Langer by Secretary Stimson; (5) all correspondence between P.M. Brownstein, Chief of Claims, Veterans Administration, and Rep. Olin E. Teague, Chairman of the Veterans Affairs Committee, House of Representatives dated 12 May, 1961; and (6) written and recorded memoranda of the action taken by the Discharge Board of Camp Lee, comprised of Colonel Todd, Major Watson, and Captain Berkman, which declined to approve the medical discharge proposed by Captain Bucholz as shown by Army document Form 4d dated 7 July, 1943.[3]

Defendant's answer to the complaint admitted the absence of the requested documents from those furnished and acknowledged they were not exempt if the VA had them, but it asserted that a "reasonable inquiry" had located no others and that it had no duty to retain them if they had existed. In September, 1981, the VA filed its initial motion for dismissal or for summary judgment supported by affidavits attesting to the scope of its record search, but before the Court had ruled plaintiff sought leave to amend his complaint to assert a claim under the Privacy Act of 1974, 5 U.S.C., Section 552a.

On February 17, 1982, this Court denied the defendant's motion, holding that defendant's own affidavits suggested the existence of genuine issues as to the sufficiency of the VA's efforts, and authorized discovery (which had previously been stayed) into defendant's "document maintenance and search techniques." The Court also granted the motion for leave to amend.

In his amended complaint plaintiff contends that the Privacy Act, 5 U.S.C., Section 552a, creates a duty on the part of the VA to maintain records pertaining to him as the Freedom of Information Act, 5 U.S.C., Section 552, imposes a duty to disclose them upon request. He alleges that the VA has breached one or the other—either it lost or destroyed records it should have kept or it is concealing them.

Defendant has renewed its motion to dismiss or for summary judgment.[4]

*The FOIA Claim*

To prevail on its motion for summary judgment the VA must prove "that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *National Cable*

---

**3.** The documents were not included in the VA's response to Leib's FOIA request, but the one-time existence of at least some of them was suggested by the records which were furnished.

**4.** The motion asserts a "lack of subject matter jurisdiction" as its basis, but its thrust is one of

failure to state a claim. The Court concludes, for the record, that it has subject matter jurisdiction under 5 U.S.C., Section 552(a)(4)(B), 552a(g)(1) and 28 U.S.C., Section 1331(a), but grants the motion pursuant to Fed. R. Civ. P. 12(b)(6).

*Television Association v. FCC,* 479 F.2d 183, 186 (D.C. Cir. 1973). In support of its motion defendant has supplemented its original submission with the affidavit of one Frances R. Toney, a specialist employed by the VA to locate "hard to find" documents. The Court of Appeals for this circuit has been quite specific in defining the role of such affidavits in FOIA cases, holding that:

> in adjudicating the adequacy of the agency's identification and retrieval efforts, the trial court may be warranted in relying upon agency affidavits, for these are 'equally trustworthy when they aver that all documents have been produced or are unidentifiable as when they aver that identified documents are exempt.' To justify that degree of confidence, however, supporting affidavits must be relatively detailed and nonconclusory and must be submitted in good faith.

*Weisberg v. Department of Justice,* 627 F.2d 365, 370 (D.C. Cir. 1980) (footnotes omitted).

The Toney affidavit states that the VA's latest search has again failed to uncover any of the requested documents. According to Toney a VA file pertaining to a particular claim for benefits does not purport to be inclusive of every document ever made referring to the veteran involved. It is, rather, a compendium of the documents deemed to be relevant to the claim. Plaintiff's file, encompassing four folders, contains some, but not all, of his military records (which originated with and were obtained from the War Department), because his claim was for benefits for a service-connected disability. It does include what appears to be Leib's complete service medical records, apparently unexpurgated, which the VA regards as the best evidence of a serviceman's in-service medical history. It does not (and would not ordinarily) contain unit morning and sick reports which are regarded as secondary evidence. Nor

does the file indicate that it ever contained the documents mentioned in the "Stimson letter"[5] or Col. Gist's July, 1943, report of investigation.

Toney's search also failed to disclose any documents, medical or otherwise, relating to a disability rating of plaintiff allegedly completed in 1955.[6]

Finally, the Toney affidavit states that the requested correspondence between Brownstein and Rep. Teague concerns another deceased veteran and is not relevant to Leib's benefits claim. The plaintiff has not disputed this assertion, and the other veteran's records are, of course, exempt from production to Leib under the medical records exemption to the FOIA, 5 U.S.C., Section 552(b)(6). *Metropolitan Life Insurance Co. v. Usery,* 426 F.Supp. 150, 166–68 (D.D.C. 1976).

■ The Court concludes that the Toney affidavit, when considered in conjunction with those submitted in support of defendant's initial motion for summary judgment, is sufficiently non-conclusory and detailed to justify reliance upon the VA's assertion that it has produced all that it can in response to plaintiff's request. "The issue is *not* whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate." *Perry v. Block, supra.,* at 123 n. 1. *See Exxon Corporation v. FTC,* 466 F.Supp. 1088 (D.D.C. 1978), *aff'd,* 663 F.2d 120 (D.C. Cir. 1980). Plaintiff has not availed himself of an opportunity to conduct discovery into the VA's record identification and retrieval (as distinguished from record maintenance) methods, nor has he otherwise brought to the Court's attention any "countervailing evidence" to cast doubt on the "sufficiency of the agency's identification or retrieval procedures" or the VA's "good faith." *Weisberg v. Department of Justice,* 627 F.2d at 370. Ac-

---

**5.** A VA inquiry to the National Personnel Records Center in August of 1967 following the first revelation of the "Stimson letter" elicited a negative response.

**6.** In paragraph 16 of its statement of undisputed material facts, defendant asserts that no such examination took place. Plaintiff does not dispute the contention in his statement of genuine issues, and his own affidavit makes no mention of the 1955 examination.

cordingly, the Court finds that no material issues of fact endure with respect to the Veterans Administration's search efforts and concludes that defendant's motion for summary judgment on the FOIA claim must be granted.

## The Privacy Act Claim

Plaintiff's alternative theory is based upon the Privacy Act, 5 U.S.C., Section 552a(e)(5), which requires an agency to *maintain* all records it uses in making determinations about any individual

> ... with such accuracy, relevance, timeliness and completeness as is reasonably necessary to assure fairness to the individual in the determination. . . .

Leib alleges that the VA has failed to maintain his claim file as the Act requires, and that as a result he suffered actual damages of $160,000.00, the amount of benefits he would have received had the records been so maintained. He requests that the Court order the amendment of his VA file to include the missing documents, or at least the information contained in them, and for an award of the benefits their presence would require.

The primary purpose of the Privacy Act, 5 U.S.C., Section 552a, was to "provide certain safeguards for an individual against an invasion of personal privacy." Section 2, Pub.L.93–579 (Congressional Findings and Statement of Purpose), *reprinted in,* 120 Cong. Rec. 40400 (Dec. 17, 1974). The Act drew upon "the constitutional and judicial recognition afforded to the right of privacy and translate[d] it into a system of procedural and substantive safeguards against obtrusive government information-gathering practices." (20 Cong. Rec. 40410 (Dec. 17, 1974) (Remarks of Sen. Percy)). Given the policy underlying its enactment, it is difficult to find a legislative intent in the Privacy Act to augment rather than diminish the government's record-keeping responsibilities which are fixed generally by the Federal Records Act, 44 U.S.C., Section 2901 *et seq.*

■ Assuming *arguendo,* however, that the Act imposes a duty of some dimension on the VA to police the contents of plaintiff's claim file, the Court concludes that this record does not support allegations, disputed or not, upon which a breach of that duty could be found.

■ The Privacy Act went into effect on September 27, 1975, almost fifteen years after plaintiff's disability benefits were terminated. No document he contends his VA file should contain (other than the correspondence relating to the other veteran) would bear a date later than September of 1955—the spectral 1955 rating review— antedating the statute by more than 20 years. In *United States v. Donnelly,* 397 U.S. 286, 294, 90 S.Ct. 1033, 1038, 25 L.Ed.2d 312 (1970), the Supreme Court held that "[a]cts of Congress are generally to be applied uniformly throughout the country from the date of their effectiveness onward." As a rule, "statutes are not to be applied retroactively, unless the words used are so clear, strong, and imperative that no other meaning can be annexed to them or unless the intent of the legislature cannot be otherwise satisfied." *DeRodulfa v. U.S.,* 461 F.2d 1240, 1247 (D.C. Cir. 1972), *cert. denied,* 409 U.S. 949, 93 S.Ct. 270, 34 L.Ed.2d 220 (1972). The Court holds that such duty of record maintenance as the Privacy Act may have imposed upon the VA when it became effective did not extend to a quest for documents which may have so long since been lost, misplaced, or destroyed, been in the custody of other agencies, or may never have existed at all.

Moreover, the duty is only one of "such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness" in any determination affecting the individual. The plaintiff has already had ample opportunity to litigate the merits of his benefits claim. Not only has he instituted numerous proceedings to reconsider his termination at the agency level, but he has also litigated and lost the issue of the fairness of those proceedings before

this court and the Court of Appeals.[7] The Privacy Act was not intended to be and should not be allowed to become a "back-door mechanism" to subvert the finality of agency determinations. *See Lyons v. U.S.,* 94 F.R.D. 69, 72 (W.D. Okl. 1982).

The Court holds that plaintiff's amended complaint, considered in the light of defendant's uncontroverted affidavits and the record of prior proceedings in this Court, also fails to state a claim under the Privacy Act upon which relief can be granted and will, accordingly, grant defendant's motion for summary judgment of dismissal.

For the foregoing reasons, it is, this 7th day of September, 1982,

ORDERED, that defendant's motion to dismiss is granted, as summary judgment for defendant, and the amended complaint is dismissed.

---

**7.** An affidavit of Patrick E. Ryan, a VA staff attorney, dated October 20, 1981, submitted in support of defendant's initial motion, bears an "Exhibit C" which purports to be the Board of Veterans Appeals' "Findings and Decision" on the 1971 review. On its face it reflects a reasoned exercise of discretion, supported by substantial evidence, reached after proceedings in which plaintiff was afforded procedural due process, and plaintiff has not disputed its authenticity.