**Jill LAUGHLIN, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Defendant.**

**No. 99–CV–1258 K (AJB).**

United States District Court, S.D. California.

Sept. 29, 1999.

---

Jill Laughlin, Oceanside, CA, pro se.

U.S. Atty. CV, U.S. Attorney's Office, San Diego, CA, Jason S. Zarin, U.S. Dept. of Justice, Washington, DC, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE AN AMENDED COMPLAINT

KEEP, District Judge.

Defendant filed the present motion for summary judgment on August 18, 1999. An opposition was filed by Plaintiff on September 2, 1999. Plaintiff is proceeding *pro se.* Defendant is represented by counsel.

### I. *Background*

The underlying complaint in this action involves a claim by Plaintiff Jill Laughlin against the Commissioner of the Internal Revenue Service for failure to produce certain documents under the Freedom of Information Act (hereafter, "FOIA"), 5 U.S.C. § 552 *et seq.* The following facts are uncontroverted:

In a letter dated March 30, 1999, and addressed to the Joint Compliance Branch at the Fresno Service Center of the Internal Revenue Service ("IRS"), Plaintiff made a FOIA request to have access to a certain document which she had previously written and sent to the IRS and which had precipitated a "Form 3175" letter from the IRS in response. According to the IRS, a "Form 3175" letter is a letter to "correspondents who argue that they are not liable for taxes and make frivolous arguments similar to those made by individuals who deny the legitimacy of the tax system." Defendant's Memorandum, p. 2, lines 1–5; *see also* Decl. of Rosie Trejo, ¶¶ 2–4. In a letter dated April 12, 1999, the IRS replied to Plaintiff's FOIA request, informing her that the document she sought was discarded by the unit which had sent her the "Form 3175" letter. *See* Complaint, Plaintiff's Ex. B. On April 25, 1999, Plaintiff appealed to the Commissioner of the IRS in Washington, D.C., the IRS's failure to provide her a copy of the requested document. *See* Complaint, Plaintiff's Ex. C. In a letter dated May 5, 1999, the IRS affirmed the Fresno Service Center's response as appropriate and denied Plaintiff's appeal. *See* Complaint, Plaintiff's Ex. D. In the letter, the IRS stated that they were "satisfied that a reasonable search for records was performed and that no records were located" which were responsive to Plaintiff's request. *See id.* Plaintiff filed the present lawsuit on June 17, 1999, pursuant to 5 U.S.C. § 552 *et seq.,* in order to compel the

Defendant to produce "for inspection and copying" the document which had precipitated the "Form 3175" letter from the IRS. Complaint, ¶ 1.

## II. *Legal Standard*

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. The movant has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The burden then shifts to the nonmovant to show that summary judgment is not appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To make such a showing, the nonmovant must go beyond the pleadings to designate *specific facts* showing that there is a genuine issue for trial. *See id.* However, in considering this motion, the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his or her favor. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Courts should be careful not to let a motion for summary judgment become a "trial on affidavits." *Id.* Determinations regarding credibility, the weighing of evidence, and the drawing of legitimate inferences are jury functions, not appropriate for resolution by the court in a motion for summary judgment. *See id.* at 255, 106 S.Ct. 2505.

## III. *Discussion*

The Defendant moves for summary judgment on the grounds that it does not retain in its possession Plaintiff's requested document. With the foregoing standard in mind, the court finds that the Defendant has conducted a reasonable search responsive to Plaintiff's FOIA request and has discharged his obligations under FOIA; therefore, no material fact is at dispute. Accordingly, summary judgment is appropriate in this case.

In the alternative, Plaintiff requests leave of the court to grant her extra time to amend the complaint in order to correct any defects. Even construing Plaintiff's claims in the most liberal light, the court finds that Plaintiff has no actionable claim and that no amendment of Plaintiff's claims could cure its defects. Therefore, the court denies Plaintiff's request for leave to amend her complaint.

The court shall address each of these arguments in turn.

### A. Plaintiff's FOIA Argument

Defendant moves for summary judgment in this case on the grounds that the IRS does not possess the requested document at issue. *See* Defendant's Notice of Motion, p. 1, lines 17–22; *see also* Defendant's Memorandum, p. 4, lines 8–11. Plaintiff opposes on the ground that the IRS should not be able to "subvert and undercut the intentions" of the Freedom of Information Act and the Privacy Act by simply destroying a potentially "embarrassing or damaging" document and therefore should be held liable under the provisions of the those Acts for "illegally destroy[ing] a document that they should have maintained". Plaintiff's Opposition, p. 1, lines 21–25; p. 2, lines 8–14.

The Freedom of Information Act ("FOIA") vests jurisdiction in federal district courts only to enjoin an "agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B) (1999); *see also Kissinger v. Reporters Committee for Freedom of the Press, et al.*, 445 U.S. 136, 139, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). The Act provides in relevant part,

> Each agency, in accordance with published rules, shall make available for public inspection and copying ... upon any request for records which (I) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make

the records promptly available to any person. 5 U.S.C.A. §§ 552(a)(2) and (3)(A) (1999).

Although the mandate of FOIA calls for broad disclosure of Government records, the Act represents a careful balance between "public rights and agency obligations designed to foster greater access to agency records than existed prior to its enactment." *Kissinger*, 445 U.S. at 150, 100 S.Ct. 960. FOIA authorizes federal courts to safeguard private individuals' access to requested materials "upon a showing that an agency has: (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Id.* A district court's authority to implement judicial remedies and order the production of improperly withheld documents can only be invoked if the agency has violated *all* three components of this obligation. *See id.*

Summary judgment for the defendant is appropriate in a FOIA case "when the agency proves that it has fully discharged its obligations under FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." *Miller v. United States Dep't. of State*, 779 F.2d 1378, 1382 (8th Cir.1985); *see also Weisberg v. United States Dep't. of Justice*, 705 F.2d 1344, 1350 (D.C.Cir. 1983). The *Miller* court stated that "[i]n order to discharge this burden, the agency must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Miller*, 779 F.2d at 1382–83.

In this case the IRS contends that it does not have the requested document in its possession because the document has been destroyed. *See* Defendant's Memorandum, p. 4, lines 23–25. Therefore, according to the IRS, it cannot be construed to be "improperly" withholding a document which it no longer possesses. *See id.* at p. 4, lines 11–12.

■ In a case where missing or destroyed documents are at issue, in order to grant a summary judgment in favor of an agency's claim that it has fully discharged its disclosure obligations under FOIA, the "agency must show beyond a material doubt" that "it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. United States Dep't. of Justice*, 705 F.2d at 1351. The emphasis is on "not whether any further documents might conceivably exist but rather *whether the government's search for responsive documents was adequate.*" *Id.* (citations omitted) (emphasis added).

The adequacy of an agency's search is determined by the standard of reasonableness and is dependent on the particular circumstances of the case. *See id.* The burden remains on the agency to "demonstrate that it has thoroughly searched for the requested documents where they might reasonably be found." *Miller*, 779 F.2d at 1382–83. The reasonableness of an agency's search may be proved through affidavits of responsible agency officials "so long as the affidavits are relatively detailed, nonconclusory, and submitted in good faith." *Id.*

Once the agency has shown by convincing evidence that its search was reasonable, the burden is on the complainant to rebut the agency's evidence by showing that the search was not conducted in good faith. *See id.* "Summary judgment would be improper if the adequacy of the agency's search were materially disputed on the record, for such a dispute would indicate that material facts were still in doubt." *Id.*

■ In this case, the IRS furnished a declaration, signed under penalty of perjury, from Rosie Trejo, the IRS official whose office was responsible for the issuance of the "Form 3175" letter which had prompted Plaintiff's FOIA request. *See* Decl. of Rosie Trejo, ¶ 4. Ms. Trejo's declaration described the IRS's response to Plaintiff's FOIA request for the production of Plaintiff's correspondence which had initiated the "Form 3175" letter by the IRS. Ms. Trejo has worked as a "Frivolous Re-

turn Penalty Coordinator" in the Joint Compliance Branch at the Fresno Service Center of the IRS since 1996 and has had twenty-seven (27) years experience overall with the IRS. *See id.*, at ¶ 1. Ms. Trejo averred that as an employee of the Joint Compliance Branch, her duties require that she "correspond with the taxpayers to inform them of the unacceptableness of certain [of their] arguments" which have failed to eliminate tax liability. *Id.*, at ¶ 2. Ms. Trejo further stated that since the "Form 3175 letter" was sent with respect to Plaintiff's 1996 tax year, she retrieved the 1996 examination files from records storage and personally searched the files for the correspondence at issue. *See id.* at ¶ 5. She did not find Plaintiff's correspondence in the records, and the last correspondence in the 1996 examination file was dated November 1997. *See id.* She concluded that the document at issue was discarded by the branch, at the time that the "Form 3175" letter was issued to her, in conformance with agency protocol. *See id.* at ¶ 6. As a general rule, when the "letters from taxpayers become repetitious or contain photocopies of form letters, the original correspondence is discarded after a responsive letter is issued". *See id.* at ¶ 3.

The court finds that the Declaration of Rosie Trejo is sufficiently "detailed, non-conclusory, and submitted in good faith" so as to demonstrate that the IRS's searches have been more than adequate and that there is no material doubt that the agency has taken all reasonable steps to locate the documents Plaintiff seeks. *Miller*, 779 F.2d at 1383. In addition, a presumption of good faith normally accompanies agency affidavits in FOIA actions absent a contrary showing by the complainant. *See Jones v. Federal Bureau of Investigation*, 41 F.3d 238, 249 (6th Cir.1994).

Plaintiff has presented no evidence alleging that the agency's search was inadequate or made in bad faith. In fact, Plaintiff has not raised a factual dispute regarding whether the IRS's search for the relevant document was reasonable, but merely alleges that "[i]f the Internal Rev-

enue Service has illegally destroyed a document that they should have maintained under provisions of the Freedom of Information Act and the Privacy Act, then they should be held liable for the provisions of those Acts." Plaintiff's Opposition, p. 2, lines 8–11. First, Plaintiff's first and only mention of the Privacy Act is in her Opposition to the IRS's motion for summary judgment; Plaintiff did not allege a claim under the Privacy Act in her complaint. Moreover, since Plaintiff does not specifically allege what provision of the Privacy Act the Defendant has contravened or what privacy right is at issue, the court declines to address this aspect of Plaintiff's argument.

With respect to her argument under the Freedom of Information Act, presumably the document Plaintiff referred to in her Opposition as the "document that they [the IRS] should have maintained under provisions of the Freedom of Information Act and the Privacy Act" is Plaintiff's correspondence to the IRS which had precipitated the "Form 3175" letter. Plaintiff appears to be making the argument that were the court to find that the IRS is not in possession of the document at issue, the IRS cannot merely escape liability under FOIA by destroying a document in order to avoid producing a potentially embarrassing or damaging document. Plaintiff's argument is without merit.

■ The Ninth Circuit has stated in *Cal–Almond, Inc. v. United States Dep't. Of Agric.*, 960 F.2d 105, 109 (9th Cir.1992), that "[a]bsent a showing that the government has improperly destroyed 'agency records,' FOIA does not require these records to be recreated." A government improperly destroys agency records under FOIA only if it destroys them after a FOIA request has been made to the agency. *See Jones v. Federal Bureau of Investigation*, 41 F.3d at 249. There is no evidence that the Defendant here destroyed the documents at issue after Plaintiff made a FOIA request. On the contrary, there is evidence that the document

at issue was destroyed at the time the "Form 3175" letter was issued by the IRS, well before Plaintiff instituted a FOIA request to the agency. *See* Decl. of Rosie Trejo, ¶ 6. Therefore, in the context of a FOIA action, this court cannot order the IRS "to make amends for any documents destroyed prior to the request because a FOIA request pertains only to material in the possession of the agency at the time of the request." *Id.; see also Cal–Almond, Inc. v. United States Dep't. Of Agric.,* 960 F.2d at 108.

Finally, Plaintiff submits Ex. MSJ–1 as part of her opposition, stating that she believed this to be the letter at issue since it was the only record she had of correspondence with the IRS in this case, although she was not certain. *See* Opposition, p. 3, lines 16–22; Ex. MSJ–1. Defendant, on the other hand, alleges that this document could not have been the correspondence which precipitated the "Form 3175" letter because it referred to the years 1992–93, and the "Form 3175" letter was in regards to tax year 1993. *See* Defendant's Reply, p. 5, lines 1–3. This factual dispute, however, is irrelevant and not material to the court's disposition of the summary judgment motion, for even assuming Plaintiff's Ex. MSJ–1 was the document at issue, that fact does not raise a material dispute with respect to whether the agency discharged its obligation under FOIA by conducting a reasonable search for the document.

The court finds that, for the reasons stated above, the IRS has met its burden to show that its search was reasonable and that the IRS is not in possession of the document at issue. Plaintiff has not disputed this and has failed to present *any* evidence to rebut the IRS's showing that its search was reasonable. Therefore, since the Defendant here has demonstrated that it has not "withheld" requested records in violation of the standards established by Congress under FOIA, the federal courts have no authority to order the production of such records pursuant to 5 U.S.C. § 552. Accordingly, the court grants the Defendant's motion for summary judgment.

### B. Request for Leave to File an Amended Complaint

Plaintiff makes a request in the alternative to amend her complaint in order to cure the complaint of any defects and "to convert [the] complaint against [the] Internal Revenue Service to an action regarding the improper destruction of an alleged correspondence." Plaintiff's Opposition, p. 5, lines 15–17. The court will construe this as a Motion for Leave to File an Amended Complaint. Since Plaintiff is proceeding *pro se,* this court is ever mindful of preserving Plaintiff's right to have her proverbial day in court if Plaintiff can make *any* cognizable or colorable claim upon the facts presented by her, when construed by this court in the most liberal light. Nevertheless, even construing Plaintiff's claims in the most charitable light, the court finds that Plaintiff has no actionable claim and that no amendment of Plaintiff's claims could cure its defects.

First, as the Defendant correctly points out, in actions arising under the Freedom of Information Act and the Privacy Act, the proper defendants are federal agencies, as designated in 5 U.S.C. § 552(a)(4)(B) and (g)(1). *See* Defendant's Memorandum, pp. 6–7. Here, Plaintiff has named the Commissioner of the Internal Revenue Service as the sole defendant; the Commissioner, however, is not an agency as defined in 5 U.S.C. § 552(e) or (f). Even were the Court to allow Plaintiff leave to amend her complaint to substitute the Internal Revenue Service as the proper party defendant, this amendment would not be able to cure the deficiencies of Plaintiff's FOIA claim as discussed previously in Section IIIA of this order.

Second, Plaintiff has no actionable claim for the "improper destruction of an alleged correspondence," even assuming *arguendo* that the IRS negligently destroyed or otherwise was lax in its duty—if such a duty existed—to preserve Plaintiff's taxpayer

correspondence. The court in *Badhwar v. United States Dep't. Of the Air Force*, 629 F.Supp. 478, 481–82 (D.D.C.1986), *aff'd in part, rev'd in part, Badhwar v. United States Dept. of Air Force*, 829 F.2d 182 (D.C.Cir.1987), stated that even were the responsible Navy officials "lax" in their document preservation duties, it is "not a matter cognizable by this Court in this [FOIA] action."

Even construing Plaintiff's claim in the most liberal light, Plaintiff could not even allege a claim under the Federal Records Act, 44 U.S.C. § 2901 *et seq.*, which provides only one remedy for the improper removal of a record from an agency: at the behest of the head of the agency or the Administrator of General Services, the Attorney General may bring suit to recover the records. *See Kissinger v. Reporters Committee for Freedom of the Press, et al.*, 445 U.S. at 148, 100 S.Ct. 960 (*citing* 44 U.S.C. §§ 3106 and 2905). Thus, individuals do not have a private right of action to sue under the Federal Records Act.[1]

█ Finally, even construing the underlying facts and all inferences in her favor, Plaintiff cannot state a cognizable claim for a violation under the Privacy Act, 5 U.S.C. § 552a. Although Plaintiff alluded to the Privacy Act two times in her Opposition, she has not alleged any acts or facts that could reasonable be construed to support a claim under the Privacy Act. In this case, as previously noted on p. 6 of this order, Plaintiff appears to be alleging the same facts to support a claim under the Privacy Act as she alleges under FOIA. *See* Opposition, p. 2, lines 8–14. That is, she alleges that the IRS should be held liable under the Privacy Act because it illegally destroyed documents it should have maintained.

The primary purpose of the Privacy Act was to "provide certain safeguards for an individual against an invasion of personal privacy." *Leib v. Veterans Administration*, 546 F.Supp. 758, 761 (D.D.C.1982) (*citing* Section 2, Pub.L. 93–579 (Congressional Findings and Statement of Purpose), reprinted in, 120 Cong.Rec. 40400 (Dec. 17, 1974)). The Privacy Act, therefore, has usually been invoked by plaintiffs in order to *prevent* the disclosure of private information held by agencies to unauthorized individuals under the Act, not to compel the disclosure of agency records. As the court in *Leib v. Veterans Administration* stated, "Given the policy underlying its enactment, it is difficult to find a legislative intent in the Privacy Act to *augment* rather than diminish the government's recordkeeping responsibilities which are fixed generally by the Federal Records Act, 44 U.S.C., Section 2901 et seq." *Id.* Although the Privacy Act has a provision to allow individuals access to agency records, there is no provision in the Act that allows individuals a remedy for the destruction of agency records, even if the destruction of records was done improvidently. Accordingly, the court finds, as did the *Leib* court that "such duty of record maintenance as the Privacy Act may have imposed upon" the IRS "did not extend to a quest for documents which may have .... been lost, misplaced, or destroyed, been in the custody of other agencies, or may never have existed at all." *Id.* It is clear then that Plaintiff does not have a cause of action under the Privacy Act, and the court's granting Plaintiff leave to amend her complaint to add a claim under the Act would only be futile.

Therefore, the court denies Plaintiff's request for leave to amend her complaint.

## IV. *Conclusion*

For the aforementioned reasons, Defendant's Motion for Summary Judgment is

---

1. However, in *American Friends Service Committee v. Webster*, 720 F.2d 29 (D.C.Cir.1983), the D.C. Circuit held that individuals have standing to prevent the *prospective* destruction of agency records under the Federal Records Act. Since the document at issue in this case has already been destroyed, the court need not address whether Plaintiff could state an actionable claim to enjoin prospective agency destruction of records under the Federal Records Act.

GRANTED. Plaintiff's Motion for Leave to File an Amended Complaint is **DE-NIED.** Accordingly, Plaintiff's complaint is hereby **DISMISSED WITH PREJU-DICE.**

**IT IS SO ORDERED.**